**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| A COMMUNICATION COMPANY, INC., d/b/a ACOM HEALTHCARE,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PETER M. BONUTTI, BORIS P. )<br>BONUTTI, DEAN A. KREMER, and )<br>UNITY ULTRASONIC FIXATION, LLC, )<br>)<br>Defendants.  ) | Case No. 3:13-cv-01193-JPG-SCW |

**AGREED ORDER GOVERNING ELECTRONIC DISCOVERY**

This matter is before the Court on the parties' Motion For Entry of An Agreed Order Governing Electronic Discovery. The Court finds that good cause exists for the entry of this Order. Accordingly, it is hereby **ORDERED** as follows:

**I.     SCOPE**

1. The procedures and protocols outlined herein govern the production of Discoverable Electronic Information (as defined below) by a party during the pendency of this litigation.

2. As used in this order, the term "Discoverable Electronic Information" means discoverable documents and electronically stored information consistent with Fed. R. Civ. P. 34(a), including e-mail, word processing documents, spreadsheets, electronic slide presentations, databases, and other electronically stored information relevant to the claims or defenses of any party subject to discovery pursuant to Fed. R. Civ. P. 26(b)(1).

## II.     IDENTIFICATION OF RESPONSIVE DATA

1. Subject to the provisions below regarding repositories of electronically stored information ("ESI") that are not reasonably accessible, Discoverable Electronic Information shall be timely reviewed, and unless privileged or non-responsive, produced in accordance with the guidelines herein and the terms of any protective order entered in this case

2. After receiving requests for document production, the party making production (the "Producing Party") shall conduct a reasonable and good faith search for responsive documents and electronically stored information.  A Producing Party will disclose to a requesting party the existence of those sources of ESI that it believes may contain responsive information and that are not reasonably accessible. A Producing Party shall not have an obligation to search or produce from sources of electronically stored information that it in good faith identifies as not reasonably accessible because of undue burden or cost.  The parties will meet and confer about the appropriateness of searching these repositories (to the extent the Receiving Party maintains that these repositories should be searched) and submit any disputes they cannot resolve to the Court for decision, if necessary.

3. **Metadata.**  To the extent that any of the following metadata fields associated with all applicable documents are available, the Producing Party will produce those metadata fields to the requesting party: Doc Id; Author; Date Created; Date Last Modified; Original File Path; Subject Line; Date Sent; Sender/Author, Recipient(s); Copyee(s); Blind Copyee(s); Starting Bates; Ending Bates; Begin Attach; End Attach; Parent ID; Attach ID; Author; Date Created; Date Last Modified; File Ext.; Original Filename; File Size; Doc Type; MD5 Hash; Sha Hash; Time Created; Time Last Modified; and Source (custodian/location from which document was collected).  The metadata listed above shall be labeled and produced on Production Media and

shall be provided in a manner suitable for importing the information in a commercially available document management or litigation support software such as Summation or Concordance.

4. **Search Terms.** The parties shall meet and confer on search terms to be used to search custodian electronic documents to identify electronic documents that will be reviewed for possible production

5. **Custodians.** The parties shall meet and confer about custodians of devices that likely contain responsive documents, <u>and each party will identify in writing the custodians of the devices likely containing responsive documents</u>, and whose emails and/or hard drives will be searched using the agreed search terms identified in paragraph II.4. above to identify electronic documents that will be reviewed for possible production.

6. **Date Range.** The parties shall meet and confer on the date range(s) to be used to identify electronic documents that will be reviewed for possible production.

7. **Duplicate Production Not Required.** A party producing Discoverable Electronic Information in electronic form need not produce the same document in paper format, unless a party specifically requests production of a duplicative paper copy and identifies a reasonable basis for requiring such duplicative production. Where a party has more than one identical copy of an electronic document (i.e., the documents are visually the same and contain matching hash values), the Producing Party need only produce a single copy of that document. Furthermore, the parties are not required to produce multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be identified from documents or electronically stored information produced pursuant to this protocol.

**III.     GENERAL INSTRUCTIONS**

   1.   **Document Production Format**.  The following provisions shall generally govern the production format and procedure for Discoverable Electronic Information other than data extracted from databases or mainframes or other similar computers.

      a.   Format.  All Discoverable Electronic Information, other than the data extracted from databases, mainframes, or other similar computers, shall be produced in a single- or multi-page 300 dpi TIFF image (or JPG for color) with a load file of the type designated by the party receiving Discoverable Electronic Information from the Producing Party, such as a Summation or Concordance load file, with page breaks that reflect how the source document would have appeared if it were printed via an attached printer.  The documents not produced in native file format shall be processed through Optical Character Recognition (OCR) Software so that they will be text-searchable.  Notwithstanding the foregoing provisions of this paragraph, all Excel spreadsheets, Lotus 123 spreadsheets, and other spreadsheets shall be produced in native file format. Information from Databases shall be produced as set forth in Section III.2. If a spreadsheet contains hidden pages or columns that the Receiving Party is unable to reveal, the Parties will meet and confer to determine the best method to reveal the hidden data.

      b.   Appearance.  Each document's electronic image shall convey the same information and image as the original document.  Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer in an attempt to resolve the problems.  If any document contains confidential information, both parties are prepared to accept such document pursuant to an appropriate protective order, which is mutually agreeable to the parties, and which is approved and entered by the Court.

    c. Document Unitization. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file or computer of the Producing Party or shall be documented in a load file or otherwise electronically tracked.

    d. Color. The parties will produce documents in black and white format. The parties will honor reasonable requests that certain documents be produced in color.

    e. "Bates Numbering." Each page of a document produced in TIFF format <u>or pdf format</u> shall have a legible, unique page identifier (Bates Number) electronically "burned" onto the image at a location that does not obliterate, conceal or interfere with information from the source document. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of any Protective Order entered in this matter or has been redacted in accordance with applicable law or Court order. In the case of confidential materials or materials redacted in accordance with applicable law or Court order, a designation may be "burned" onto the document's image at a location that does not obliterate or obscure information from the source document. In the case where a Bates number cannot be placed on a native format document, the file name shall be a Bates number and the load file shall contain the original file name.

    f. File Naming Conventions. Each TIFF image file shall be named with the Bates Number corresponding to the number assigned to the document page contained in that image.

    g. Production Media. The Producing Party shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production

Media"). Each piece of Production Media shall be assigned a production number or other unique identifying label corresponding to the date of the production of documents on the Production Media (e.g., "Plaintiff Production Sept. 1, 2014") as well as the sequence of the material in that production wave (e.g. "-00001", "-00002"). For example, if the production comprises document images on three DVDs, the Producing Party may label each DVD in the following manner "Plaintiff Production Sept. 1 2014-00001", Plaintiff Production Sept. 1 2014-00002", Plaintiff Production Sept. 1, 2014-0003". Additional information that shall be identified on the physical Production Media includes: (1) text referencing that it was produced in the above-captioned matter; (2) the Bates Number range of the materials contained on the Production Media; and (3) the confidentiality designation(s) if the documents qualify for confidential treatment pursuant to the terms of any Protective Order entered in this matter.

       h.     Write Protection and Preservation. All computer media that is capable of write protection should be write-protected before production.

2.    **Production Format For Information From Databases.** The following provisions shall generally govern the production format and procedure for Discoverable Electronic Information extracted from databases, mainframes, or other similar computers.

       a.     Production Information. Electronic records and computerized information from databases, mainframes, and other similar computers must be produced in an intelligible format or together with a technical description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

       b.     Data Production Format. To the extent that Discoverable Electronic Information is produced from a database residing on a mainframe or other similar computer, it shall be provided in a report or a reasonably usable and exportable electronic file in a format on

which the parties agree.  In the event a party at any time determines that production of Discoverable Electronic Information from a database cannot reasonably be accomplished pursuant to the formats indicated in the preceding sentence, Section V of this protocol shall apply.

    3.  **Privilege Logs.**  A party withholding documents based on one or more claims of privilege will produce a privilege log after production of corresponding responsive documents as follows: for the first production in the case, within 60 days of the production of corresponding responsive documents; for every other production in the case, within 21 days of production of corresponding responsive documents.  The parties may modify the deadlines for production of the privilege logs by agreement or by filing a motion with the Court.  There will be no obligation to produce privilege logs identifying attorney-client communications concerning case strategy or the course of litigation that occur following the commencement of this lawsuit.

    4.  **Inadvertent Disclosures.**  Should any party inadvertently produce Discoverable Electronic Information subject to a claim of privilege, the Producing Party shall so notify the receiving party (the "Receiving Party") in writing within a reasonable time after discovering the inadvertent production, and such inadvertently produced information shall be handled by the parties as set forth in Paragraph 8 of the Stipulated Protective Order entered in this matter.

## IV.  TIMING AND SEQUENCING OF ELECTRONIC DISCOVERY

    Any party under an obligation to produce Discoverable Electronic Information shall commence the production of such Discoverable Electronic Information and proceed with the production of electronic information in a timely manner consistent with time considerations to be developed by the parties and the Rules of Federal Procedure.  The parties shall meet and confer to arrange an orderly production of such Discoverable Electronic Information.

V.    **EXCEPTIONS TO PROTOCOL**

If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the parties shall meet and confer to agree on a reasonable, alternative form of production. Any party may file a motion to seek individual relief from this protocol.

VI.    **COSTS OF PRODUCTION**

Each party will presumptively bear its own costs of production. However, the parties reserve the right to seek cost shifting, and/or to object to any proposed cost-shifting, as appropriate at a later time.

VII.    **DISCOVERY AND ADMISSIBILITY**

Nothing in this Order shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at the appropriate time.

**IT IS SO ORDERED**

**Date:** June 18, 2014                                          */s/ Stephen C. Williams*
                                                                                   **Stephen C. Williams**
                                                                                   United States Magistrate Judge