IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| A COMMUNICATION COMPANY, INC., *doing business as* Acom Healthcare, and ACOM INVESTMENT CO. LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>PETER M. BONUTTI, BORIS P. BONUTTI, DEAN A. KREMER and UNITY ULTRASONIC FIXATION, LLC,<br><br>      Defendants. | Case No. 13-cv-1193-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff A Communication Company, Inc.'s[1] ("Acom") Motion for Reconsideration (Doc. 92). Defendants Boris P. Bonutti, Peter M. Bonutti, Dean A. Kremer, and Unity Ultrasonic Fixation, LLC (collectively "Defendants") filed their response (Doc. 101). For the following reasons, the Court **GRANTS in part and DENIES in part** the Motion.

On July 16, 2014, this Court dismissed Plaintiff's conversion, civil conspiracy and declaratory judgment claims contained in its First Amended Complaint. Plaintiff now asks that the Court reconsider that Order by modifying the dismissal of the conversion claim to "without prejudice" and reconsidering the dismissal of the conspiracy claim.

---

[1] Subsequent to this Motion, "Acom Investment Co. LLC" was added as a plaintiff raising the same claims, and Plaintiffs filed a Second Amended Complaint. Also, Plaintiffs filed their Motion to Dismiss Voluntarily All Claims Raised by A Communication Company, Inc. (Doc. 135). The claims argued in this Motion are identical to the claims raised by Acom Investment Co. LLC. Further, Magistrate Judge Williams found that "[i]f Judge Yandle grants the Motion to Reconsider, that will trigger Defendants' duty to respond to Counts 2 and 4 of the [Second] Amended Complaint" (Doc. 110, p. 1). As such, the Court finds it appropriate to address the instant Motion.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The Court dismissed the conversion claim finding that Plaintiff's ownership interest and share of distributions were not tangible personal property and thus not subject to conversion under Illinois law (Doc. 64, p. 7). Subsequent to that Order, Defendants produced documents which now allow Plaintiff to tie its ownership interests to tangible documents. Specifically, Plaintiffs are now able to allege in their Second Amended Complaint that "the 7% ownership interest is represented by and reflected in the records of Unity, including in a Unity list of Members, a Unity Schedule of Members, and a Certificate of Membership Interest" (Doc. 92, p. 12).

"Illinois courts do not recognize an action for conversion of intangible rights." *Am. Nat'l Ins. Co. v. Citibank N.A.*, 543 F.3d 907, 910 (7th Cir. 2008). Under the merger exception,

2

however, a conversion claim may lie where the intangible rights are merged into a document. *The Film & Tape Works, Inc. v. Junetwenty Films, Inc.* 856 N.E.2d 612, 624 (Ill. App. Ct. 2006). Documents in which intangible rights may be merged include "promissory notes, bonds, bills of exchange, share certificates and warehouse receipts, whether negotiable or non-negotiable." *Id.* (quoting Restatement (Second) of Torts § 242, Comment *b*, at 473-74 (1965))). "These documents all share in common the fact that they are tangible documents containing intangible rights which are easily convertible into tangible assets, not dissimilar to currency." *Id.*

Plaintiffs initially argue that the Court misapplied the law. However, Plaintiffs have failed to cite to any *change* in the law that would justify reconsideration of that aspect of the Court's Order. Plaintiffs also argue that the existence of the Unity list of Members, Unity Schedule of Members, and Certificate of Membership Interest was withheld by Defendants and it would now be inappropriate to prevent them from pleading those documents' existence. Even if the Court were to agree with Plaintiffs, their claim would still fail. Plaintiffs have not alleged that these newly-discovered tangible documents contain "intangible rights which are easily convertible to tangible assets" thus satisfying the merger exception. Accordingly, the Court finds it inappropriate to reconsider the portion of the July 16, 2014 Order dismissing Plaintiff's conversion claim.

The Court previously found that the conspiracy to commit conversion claim failed because the Court already determined that the underlying conversion claim failed. Acom now argues that the conspiracy claim can stand on the underlying tort of breach of fiduciary duty. It is clear from the Order that the Court only considered the conspiracy claim with respect to the underlying tort of conversion. The Court did not address whether the breach of fiduciary duty claim could support the civil conspiracy claim. As such, the Court now clarifies that the July 16,

2014 Order only dismisses the conspiracy claim in Count IV of the First Amended Complaint to the extent it dismissed any conspiracy claim based on the underlying tort of conversion.

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Reconsideration (Doc. 92).  The Court denies the Motion to the extent it will not modify the dismissal of the conversion claim to "without prejudice."  The Court grants the Motion to the extent it clarifies that the dismissal of the conspiracy claim only considered the underlying tort of conversion.

**IT IS SO ORDERED.**

**DATED:**  April 2, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
